## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **FRANK HOCKER** | * | |
| **and** | * | |
| **DIANE HOCKER** | * | |
| **Plaintiffs,** | * | **Civil Action No.** |
| **v.** | * | **WDQ06CV 649** |
| **NATIONAL CITY CORPORATION** | * | |
| **and** | * | |
| **CREDIT-BASED ASSET SERVICING** | * | |
| **AND SECURITIZATION LLC** | * | |
| **Defendants.** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## NOTICE OF REMOVAL

Defendants Credit-Based Asset Servicing and Securitization LLC ("C-BASS") and

National City Corporation ("NCC") (collectively "defendants") hereby provide notice that they

are removing this action from the Circuit Court for Baltimore County, Maryland, in which court

the case is currently pending, to the United States District Court for the District of Maryland.  In

support thereof, defendants state as follows:

1.      Defendants exercise their rights under the provisions of 28 U.S.C. §§ 1331, 1332,

1441, 1446, 1453, and 1711 to remove this case from the Circuit Court for Baltimore County.

The case is now pending under the name and style of *Frank Hocker and Diane Hocker v.*

*National City Corporation and Credit-Based Asset Servicing and Securitization LLC*, Circuit

Court Case No. C-06-840.  The case is brought as a putative class action.

2.      28 U.S.C. Section 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action
brought in a State court of which the district courts of the United States have
original jurisdiction, may be removed by the defendant or defendants, to the
district court of the United States for the district and division embracing the place
where such action is pending.

3.      This is a civil action that was instituted in the Circuit Court for Baltimore County,

and has not been tried.  Plaintiffs filed their putative class action complaint ("Complaint")

against defendant National City and C-BASS on January 25, 2006.  A true and correct copy of

the Complaint is attached hereto as Exhibit A.  C-BASS was served with the initial pleading

setting forth the claims for relief upon which this action is based and the summons to respond

thereto by mail on February 8, 2006.  A true and correct copy of the Summons received by C-

BASS is attached hereto as Exhibit B; a true and correct copy of the Proof of Service for C-

BASS and return of service receipt is attached hereto as Exhibit C.  NCC was served with the

initial pleading setting forth the claims for relief upon which this action is based and the

summons to respond thereto on by mail on February 8, 2006.  A true and correct copy of the

Summons received by NCC is attached hereto as Exhibit D; a true and correct copy of the Proof

of Service for NCC and return of service receipt is attached hereto as Exhibit E.

4.      As more fully set forth below, this case is properly removed to this Court: (a)

pursuant to 28 U.S.C. § 1441; and (b) because this Court has subject matter jurisdiction over the

case pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1331.

## I.      SUBJECT MATTER JURISDICTION

5.      This case is being removed subject to the provisions of the Class Action Fairness

Act ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1453.  Removal of the instant action is also

based on claims "arising under" federal law.  Specifically, plaintiff's claims against NCC, which

is a holding company that wholly owns National City Bank ("NCB"), a nationally chartered

bank, are preempted by the National Bank Act and afford federal question jurisdiction. *See* Section I.B. *infra.*

### A.   DIVERSITY JURISDICTION - CAFA

6.      As set forth below, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class action consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from that of C-BASS or NCC; and (3) the aggregate amount placed in controversy by the claims of plaintiffs and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interest and costs.

### 1.   Class Action Consisting Of More Than 100 Members

7.      In the Complaint, plaintiffs purport to represent a statewide class of all residents of the State of Maryland who have or had mortgage loans either made by or assigned and transferred to and/or serviced by PCFS Mortgage Resources f/k/a PCFS Financial Services, Inc. ("PCFS Mortgage"). Complaint at para. 1. Plaintiffs allege that defendants NCC and C-BASS are successors in interest to Provident Financial Group, Inc., purported parent of Provident Bank of Cincinnati, Ohio d/b/a PCFS Mortgage. *Id.*

8.      Plaintiffs allege that "PCFS Mortgage made, bought, accepted and/or serviced scores of mortgage loans in the State of Maryland ... and regularly made, originated, brokered, serviced, bought, sold, accepted, was assigned and/or transferred mortgage loans in Maryland." Complaint at para. 21. Further, plaintiffs allege that "[b]ased upon the land records of the State of Maryland, it is reasonably believed the Class will be comprised of scores of members." *Id.* at para. 54.

9.      C-BASS acquired or has an interest in excess of 100 loans from PCFS that: (a) were made to Maryland residents; (b) were made by or sold, acquired or transferred to PCFS;

and (c) were or are secured by residential property located in Maryland.

10.     NCB acquired the rights of The Provident Bank, d/b/a PCFS, as holder and/or servicer of hundreds of loans that: (a) were made to Maryland residents; (b) were made by or sold, acquired or transferred to PCFS; and (c) were or are secured by residential property located in Maryland.

11.     Based on these, and other allegations, the aggregate number of putative class members in plaintiffs' proposed class is greater than 100 for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B).

## 2.   Diversity Of Citizenship

12.     This case is removed on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.  Upon information and belief, at the time plaintiffs commenced this action in state court, and at the time of removal, there was, and is, complete diversity of citizenship between the parties, as contemplated by 28 U.S.C. §§ 1332(a) and 1441(b), and minimal diversity of citizenship as contemplated by CAFA, 28 U.S.C. § 1332(d)(2)(A).

13.     In determining whether complete diversity exists, the Court considers the citizenship of all properly joined parties. *See* 28 U.S.C. § 1441(b).  The Complaint alleges that plaintiffs are residents of the State of Maryland, and they own real property in Maryland. *See* Compl. at paras. 16 and 20.  For purposes of this removal notice, and upon information and belief, plaintiffs are citizens of Maryland.

14.     C-BASS is a citizen of a State other than the State of Maryland.  C-BASS is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of New York.  None of the members of the limited liability company, either direct or indirect, are incorporated in, have a principal place of business in or are domiciled in the State of Maryland.  For purposes of diversity of citizenship under 28 U.S.C. §

- 4 -

1332, C-BASS is a citizen of a state other than the State of Maryland.

15.     NCC is a holding company which wholly owns National City Bank ("NCB"), a nationally chartered bank.  NCB is the successor in interest to Provident Bank, of which PCFS Mortgage was a division.  Both NCC and NCB maintain their principal places of business in Cleveland, Ohio.  "All national banking associations shall, ...be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006) (holding that for purposes of § 1348, a national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located).  For purposes of diversity of citizenship under 28 U.S.C. §§ 1332 1348, both NCC and NCB are citizens of a state other than the State of Maryland.

16.     Upon information and belief, the named plaintiffs and the members of the putative class, as that class is defined, are all citizens of the State of Maryland.  Accordingly, the citizenship of at least one putative class member is different from the citizenship of either: (1) C-BASS or (2) NCC, for the purposes of satisfying 28 U.S.C. § 1332(d)(2)(A).

### 3.     The Amount In Controversy Requirement Is Satisfied

17.     The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6).  Plaintiffs' claims, and those of the putative class, meet the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(6), in that, if awarded, the aggregate amount of the economic and multiple damages, and the cost of declaratory and injunctive relief, sought by plaintiffs for themselves and the thousands of proposed class members will exceed $5,000,000, exclusive of interest and costs.

18.     Plaintiffs allege two separate causes of action: "Violation of Maryland Mortgage Lending Laws" (Count I) and "Violation of the Consumer Protection Act" (Count II).  The

Complaint alleges, among other things, that PCFS mortgage violated Maryland law by "charging, collecting and receiving" from plaintiffs and the putative class members "loan origination fees in excess of that allowable by law," "illegal, prohibited and excessive charges, fees and costs," "illegal, prohibited and excessive interest, discounts, fees, fines, commissions, brokerage, charges or other considerations," "excessive and illegal delinquent or late charges." *See* Complaint at paras. 64, 65, 66, and 68.  Plaintiffs further allege that PCFS Mortgage engages in unfair and deceptive trade practices as defined by Md. Code Ann. Com. Law §§ 13-101, *et seq.*  Complaint at para. 86.

19.    Based on these causes of action, plaintiffs seek numerous forms of relief against PCFS Mortgage, NCC, and C-BASS, including, that each "forfeit and reimburse to the Plaintiffs and Class Members all interest already paid on, and for the loans."  *See* Compl. at Prayer for Relief, at para. 4; *see also* Complaint at para. 79 ("As a consequence of PCFS Mortgage's violations of Maryland law, PCFS Mortgage, National and C-BASS can collect only the principal amount of the loans and must forfeit and reimburse to the Plaintiffs and Class Members any and all interest, paid over the term of the loans").

20.    As additional relief sought, plaintiffs also ask, among other things:

- "That the Plaintiffs and Class Members be relieved from the obligation to make further payments of interest to PCFS Mortgage, National, and C-BASS on existing loans";

- "That PCFS Mortgage, National, and C-BASS ... forfeit and reimburse to the Plaintiffs and Class Members all charges, fees and costs paid on, and for the loans";

- "That PCFS Mortgage, National, and C-BASS...pay to the Plaintiffs and Class Members three (3) times the amount of all excessive and illegal interest, fees, charges and costs paid on, and for the loans";

- "That PCFS Mortgage, National, and C-BASS...pay to the Plaintiffs and Class Members the unearned portion of any pre-computed interest charge";

- "That PCFS Mortgage, National, and C-BASS...forfeit and reimburse to the Plaintiffs and Class Members all excessive and illegal prepayment fees, charges and penalties imposed, charged, collected or received by it";

- "That PCFS Mortgage, National, and C-BASS...pay to the Plaintiffs and Class Members three (3) times the amount of all excessive and illegal prepayment fees, charges and penalties imposed, charged, collected or received by it";

- "That PCFS Mortgage, National, and C-BASS...forfeit and reimburse to the Plaintiffs and Class Members all excessive and illegal delinquent or late charges";

- "That PCFS Mortgage, National, and C-BASS...pay to the Plaintiffs and Class Members three (3) times the amount of all excessive and illegal delinquent or late charges";

- "That PCFS Mortgage, National, and C-BASS...pay to the Plaintiffs and Class Members pre-payment interest";

- "That PCFS Mortgage, National, and C-BASS...pay Plaintiffs and Class members...attorneys fees, costs, and expenses"; and

- "Grant[] the Plaintiffs and Class Members such other extraordinary, declaratory and/or injunctive relief as permitted by law as necessary to assure that the Class has an effective remedy...."

*See* Compl. at Prayer for Relief.

21.    Although C-BASS denies any and all liability under any theory of liability and disputes the purported class's entitlement to the relief sought in the Complaint, if plaintiffs' are successful in obtaining disgorgement of interest already paid or the foregoing of interest yet to be paid with respect to loans acquired by C-BASS or in which C-BASS has an interest, the value of the matter in litigation with respect to C-BASS exceeds $5 million with respect to this relief alone.

22.    Although NCC denies any and all liability under any theory of liability and disputes the purported class's entitlement to the relief sought in the Complaint, if NCC or NCB is forced to disgorge interest already paid or to forgo interest yet to be paid to the purported class as alleged in the Complaint, or if NCC or NCB is otherwise liable to the purported class for the

relief sought in the Complaint, the amount in controversy exceeds $5 million.

23.     The Complaint also seeks to require C-BASS and NCC to "pay to the Plaintiffs and Class Members three (3) times the amount of all excessive and illegal interest, fees, charges and costs paid on, and for the loans." *See* Complaint at Prayer for Relief.  Trebling the amount sought as demanded by plaintiffs further increases the amount by which the relief sought in the Complaint exceeds the threshold for federal jurisdiction under CAFA.

24.     The $5,000,000 amount in controversy threshold is satisfied solely by considering the value of the matter in litigation with respect to C-BASS alone, which value purportedly constitutes only a portion of the damages sought by plaintiffs on behalf of the putative class. *See*, S. Rep. 109-14, reprinted in 2005 WL 627977, at *42 (1st Sess. 2005) (in determining whether the amount in controversy threshold is met, a court must look to "the value of the matter in litigation...regardless of the type of relief sought," including monetary damages).

25.     The other damages alleged and relief requested – such as attorneys' fees, and injunctive and declaratory relief, as well as the value of the matter in litigation with respect to NCC – may also independently satisfy or further increase the amount by which the relief sought in the Complaint exceeds the jurisdictional threshold under CAFA. *See* S. Rep. 109-14, reprinted in 2005 WL 627977, at *42-44 (1st Sess. 2005) (in determining whether the amount in controversy threshold is met, a court must include the value of all relief sought by the claimants, including declaratory relief); *Cohn, D.V.M. v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation") (citation omitted); *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008, at *5 (C.D. Cal. July 11, 2005) ("[u]nder CAFA, aggregation [of attorney's fees and punitive damages] is appropriate").

26.     CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of *federal* jurisdiction. *See, e.g.,* S. Rep. 109-14, reprinted in 2005 WL 627977, at \*43 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions").

27.     Because the amount in controversy requirement is satisfied, this case is properly removed pursuant to 28 U.S.C. § 1332.

## B.     <u>FEDERAL QUESTION AS TO NCC</u>

28.     NCB is a nationally-chartered bank.  The Complaint purports to state claims under the interest and usury laws of Maryland, and the secondary mortgage loan law of Maryland, both of which generally prohibit certain prepayment penalties and related charges. Application of these statutes to NCB is preempted by the National Bank Act, specifically by 12 U.S.C. §§ 85, 86 and 484 and by regulations promulgated by the Office of the Comptroller of the Currency (*see,* e.g., 12 CFR § 7.4002 (authorizing national banks to impose fees and charges that do not constitute interest) and 12 CFR § 7.4006 (providing that state law applies to national banks' operating subsidiaries to the same extent to which it applies to the parent bank)).  *See National City Bank of Indiana v. Turnbaugh*, 367 F. Supp. 2d 805 (D. Md. 2005).  This preemption is complete and affords this Court subject matter jurisdiction over the federal question presented by the National Bank Act.  *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003).

29.     Although the Complaint purports to sue only NCC, rather than NCB, courts, including this Court, have recognized that where the real party in interest is a national bank or that a national bank controls the accounts that are the subject of the action, the National Bank Act completely preempts state law claims and confers federal question jurisdiction.  *See Discover Bank v. Vaden*, 409 F. Supp. 2d 632, 637 (D. Md. 2006) (applying analogous provision

of Federal Deposit Insurance Act).  NCB is the real party in interest because it acquired the rights

as holder and/or servicer of the loans at issue for which the Complaint alleges NCC is liable.

## II.   **PROCEDURAL COMPLIANCE**

30.    In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of

Removal is filed within thirty (30) days after the receipt by C-BASS and NCC of a copy of the

Summons and the initial pleading setting forth the claims for relief upon which this removal is

based.

31.    Pursuant to 28 U.S.C. §§ 1441, *et seq.*, the right exists to remove this case from

the Circuit Court for Baltimore County to the United States District Court for the District of

Maryland, which embraces the place where the action is pending.

32.    The United States District Court for the District of Maryland, embraces the

county in which the state court action is now pending, and thus, this Court is a proper venue for

this action pursuant to 28 U.S.C. § 128.

33.    No previous application has been made for the relief requested herein.

34.    Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of

the Complaint bearing case number C-06-840, filed in the Circuit Court for Baltimore County

(attached hereto as Exhibit A), along with the Summons served on C-BASS (attached hereto as

Exhibit B), and the Proof of Service for C-BASS and return of service receipt (attached hereto as

Exhibit C), the Summons served on NCC (attached hereto as Exhibit D), and the Proof of

Service for NCC and return of service receipt (attached hereto as Exhibit E).

35.    Written notice of the filing of this Notice of Removal will be served upon counsel

for plaintiffs as required by law.

36.    A true and correct copy of this Notice of Removal will be filed with the clerk of

the Circuit Court for Baltimore County, as required by law, and served upon counsel for

plaintiffs.

**WHEREFORE**, defendant Credit-Based Asset Servicing and Securitization LLC and National City Corporation hereby remove this case from the Circuit Court for Baltimore County, where it is now pending to this Court, and requests that this Court accept jurisdiction of this action and henceforth place this action upon the docket of this Court for further proceedings, same as though this action had originally been instituted in this Court.

Respectfully submitted,

CREDIT-BASED ASSET SERVICING AND
SECURITIZATION LLC,

_____
Daniel J. Tobin (Fed. Bar No. 10338)
Linowes and Blocher LLP
7200 Wisconsin Avenue
Bethesda, MD 20814
(301) 961-5267 (phone)
(301) 654-2801 (fax)

*Of Counsel*
R. Bruce Allensworth
Irene C. Freidel
Brian M. Forbes
Kirkpatrick & Lockhart Nicholson Graham
LLP
75 State Street
Boston, MA 02109
(617) 261-3100 (phone)
(617) 261-3175 (fax)

NATIONAL CITY CORPORATION,

_____
Pamela A. Bresnahan (Fed. Bar No. 00678)
Timothy H. Goodman (Fed. Bar No. 15586)
Vorys, Sater, Seymour and Pease LLP
1828 L Street N.W., 11th Floor
Washington, D.C. 20036
(202) 467-8800 (phone)
(202) 467-8900 (fax)

*Of Counsel*
Anthony J. O'Malley
Marcel C. Duhamel
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East 9th Street
Cleveland, Ohio 44114
(216) 479-6159 (phone)
(216) 937-3735 (fax)

Dated:  March 10, 2006

BOS-947416 v3 0950000-0102

## CERTIFICATE OF SERVICE

I, Daniel J. Tobin, do hereby certify that on this 10th day of March 2006, I caused to be served by first class mail postage prepaid and by hand, the foregoing document upon the below listed plaintiffs' counsel of record:

John A. Pica, Jr.
Thomas P. Kelly
Louis F. Angelos
Law Offices of Peter G. Angelos, PC
100 North Charles Street – 22nd Floor
Baltimore, Maryland 21201

_____
Daniel J. Tobin